

The New York Times Company

March 14, 2016

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 16 2016 ★

BROOKLYN OFFICE

RECEIVED
HON. Brian M. Cogan
MAR 16 2016

**David McCraw**
Vice President and
Assistant General Counsel
620 Eighth Avenue
New York, NY 10018
tel 212.556-4031
fax 212.556-4634
mccraw@nytimes.com

**VIA FEDERAL EXPRESS**

Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   In Re Motion for Civil Contempt, 12-mc-0557 (BMC)

Dear Judge Cogan:

I write on behalf of The New York Times Company ("The Times") in respect to the Court's Order of today (Docket No. 162) in the above-reference matter. The Order directs the parties to brief whether all documents in the action should be unsealed. The Order states that it was made in response to the Motion to Intervene and Unseal made by The Associated Press (the "AP Motion," Docket No. 156, February 25, 2016). According to the Order, the AP Motion was directed only at "certain filings" in the case.

I write to note that the AP Motion itself is under seal. Having regularly filed similar intervention motions in this Court and elsewhere over the past 15 years, I have never seen such a motion from a news organization filed under seal before. Absent some special circumstances not apparent from the docket, the sealing is contrary to established law in this circuit. United States v. Erie Cnty., 763 F.3d 235, 238–39 (2d Cir. 2014); Lugosch v. Pyramid Co., 435 F.3d 110, 119 (2d Cir. 2006); Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 95 (2d Cir. 2004); United States v. Amodeo ("Amodeo I"), 44 F.3d 141, 145 (2d Cir. 1995).

Because The Times is trying to determine whether it too should intervene, we respectfully request that the AP Motion be unsealed. Having access to the AP Motion

59997

will assist us in our decision-making about intervention. If Your Honor prefers, we are prepared to move by a formal motion to intervene and seek the unsealing.

The Times thanks the Court for its consideration.

Respectfully submitted,

David E. McCraw

cc: All Counsel of Record (via email)